IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANTE OVERBY, | : |
| Petitioner, | : CIVIL ACTION |
| | : No. 09-6021 |
| v. | : |
| R.M. LAWLER, et. al., | : |
| Respondents. | : |

### ORDER

AND NOW, this 14th day of May, 2010, upon careful and independent consideration of the Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and accompanying Memorandum of Law in Support (Doc. No. 1) (hereinafter "Petition" and "Memorandum," respectively), the Respondents' Response to Petition for Writ of Habeas Corpus (Doc. No. 6) (hereinafter "Response"), Petitioner's Traverse to Respondents' Responsive Brief (Doc. No. 7), the Report and Recommendation of United States Magistrate Judge Rice (Doc. No. 8), and Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 9), and after an independent review of the pertinent record, it is hereby ORDERED that:

1. The Report and Recommendation of Magistrate Judge Rice (Doc. No. 8) is APPROVED AND ADOPTED. The Court agrees with the Report and Recommendation that the Petition be denied as noncognizable.[1]

---

[1] On December 12, 2006, Petitioner was convicted of unlawful possession of a firearm. (Response, at 4). On March 13, 2007, he was sentenced to five to ten years imprisonment. (Id.) Before his trial, Petitioner moved to suppress the firearm on the basis that it was obtained as a result of an unlawful stop and frisk, and his motion was denied. (Memorandum, at 1-2).

Petitioner appealed his judgment of sentence, alleging trial court error in denying his motion to suppress. (Id. at 2). The Pennsylvania Superior Court affirmed Petitioner's judgment of sentence, holding that Petitioner's brief detention by a police officer following the arrest of the driver of the car in which he was a passenger was inherently reasonable under the automatic

2. The petition for a writ of habeas corpus is DENIED as noncognizable.

3. A certificate of appealability shall not issue because, for the reasons set forth in the Report and Recommendation, a reasonable jurist could not conclude that the Court is incorrect in dismissing the habeas petition.

4. The Clerk's Office shall close this case.

BY THE COURT:

*Joel Slomsky*
JOEL H. SLOMSKY, J.

---

companion rule. Commonwealth v. Overby, No. 1031 EDA 2007, 6 (Pa. Super. Ct. Apr. 1, 2009). The Superior Court also held that the officer's frisk of Petitioner was justified in that the totality of the circumstances "provided the officer with reasonable suspicion that [Petitioner] was armed and dangerous." Id. at 7. Thereafter, Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court. On October 5, 2009, that petition was denied. Commonwealth v. Overby, No. 301 EAL 2009 (Pa. Oct. 5, 2009).

On November 17, 2009, Petitioner filed a timely federal habeas corpus petition alleging: (1) his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; and (2) his "conviction [was] obtained by a violation of the privilege against self[-]incrimination," (Petition, at 9, 11).

Where the State has provided a petitioner with "an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 482, 494 (1976); Marshall v. Hendricks, 307 F.3d 36, 81 (3d Cir. 2002). A petitioner is denied the opportunity for full and fair litigation of his claims if the state system contains structural defects that prevent a full and fair hearing of petitioner's claims. Id. at 82. However, a state court's erroneous or summary resolution of a Fourth Amendment claim is "insufficient to surmount the Stone bar" and does not justify federal habeas review of a Fourth Amendment habeas claim. Id.

Here, Petitioner alleges his conviction was based on evidence from an unconstitutional search and seizure. (Petition at 9; Memorandum at 2-3). Although Petitioner cites to the Fourth, Fifth and Fourteenth Amendments to support his claims, they all appear to rest entirely on the Fourth Amendment. Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42 (3d Cir. 1984). Because Petitioner had the opportunity for full and fair litigation of his claims before both the state trial and appellate courts, and because no structural defect in the state court system prevented him from presenting his claims, federal habeas relief on this issue is unavailable. Stone, 428 U.S. at 482, 494.